2122-CC08925

+IN THE CIRCUIT COURT OF THE CITY OF SAINT LOUIS
STATE OF MISSOURI

| | |
|---|---|
| ALEXIS MURDICK, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No. |
| | ) Division |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | ) |
| Serve: Director of Missouri Division of Insurance c/o Cole County Sheriff P.O. Box 426 Jefferson City, MO 65102 | ) |
| JOHN DOE INSURER, Serve: Hold Service | ) |
| JAMES L. HANNING, JR. Serve: Any resident relative over 15 years of age 411 Jane Avenue Union, Missouri 63084 | ) |
| Defendant. | ) |

PETITION
COUNT I - VEXATIOUS REFUSAL

COMES NOW Plaintiff, and for Count I of the cause of action against Defendant ALLSTATE states to the Court as follows:

1. Plaintiff is a resident of the State of Missouri.

2. Defendant Allstate is an insurance corporation authorized to do business in the State of Missouri. Defendant maintains offices and/or agents for its usual and customary business in City of Saint Louis, Missouri and with the accident occurring therein; that the John Doe Insurer is used alternatively herein as the proper party defendant insurer to be supplemented upon discovery; and

Exhibit A

that Defendant Hanning is an uninsured Missouri resident.

3. In consideration of a stipulated premium, Defendant issued insurance policy (Claim #0534648845) applicable to Plaintiff for the period including February 13, 2019. Said insurance policy provided for payment expenses incurred by Plaintiff because of covered injuries as defined by the policy.

4. At all times herein relevant, there existed said policy of automobile liability insurance, between the defendant and Plaintiff, providing uninsured motorist coverage for damages caused by an uninsured vehicle.

5. Plaintiff has in all respects complied with the terms and conditions of said policy and has properly furnished Defendant with due notice and proof of Plaintiff's losses together with the demand for payment of the benefits under said policy.

6. Defendant has failed and refused to honor its obligations under its insurance policy.

7. The said insurance policy benefits became due and payable to Plaintiff and Plaintiff is therefore entitled to interest thereon at the legal rate from and after that date.

8. Defendant's refusal to honor its obligations under the aforesaid policy of insurance was and is vexatious and without reasonable cause or excuse and, as a result, Plaintiff is entitled to an additional award of a percentage of the amount due and owing as established by law plus reasonable attorney's fees and costs incurred in this action.

WHEREFORE Plaintiff prays judgment for Count I of this cause of action against Defendant in excess of $25,000.00, including interest thereon at the legal rate, for penalties against Defendant in such percentage of the amounts due and owing under said policy as allowed by law, for reasonable attorney's fees, and for costs incurred herein.

## COUNT II – UNINSURED MOTORIST COVERAGE

COMES NOW Plaintiff, and for Count II of this cause of action against Defendant

ALLSTATE states to the Court as follows:

9. Plaintiff re-alleges and re-incorporates paragraphs 1-8 as if set out fully herein.

10. On February 13, 2019 and during the aforementioned insurance policy coverage period, Plaintiff suffered covered losses under the policy as a result of the negligence and carelessness of an uninsured motorist that ran a red light on US 50 and collided with the side of plaintiff's vehicle traveling on MO 47.

11. The Plaintiff complied with all conditions precedent for collection under the uninsured motorist provision of said policy or, in the alternative, if said conditions have not been complied with, they are of an insignificant and non-prejudicial nature and not sufficient to bar recovery for injuries.

12. The motor vehicle is an uninsured motor vehicle as the term is defined in the policy of insurance issued to plaintiff by Defendant and/or under the Financial Responsibility laws of the State of Missouri, being a vehicle without primary minimum mandated bodily injury coverage required by Missouri Law.

13. Said collision occurred as a direct and proximate result of the negligence and carelessness of the operator of the uninsured motor vehicle, as more fully hereinafter set out, to wit:

(a) Said motorist negligently and carelessly drove and operated said motor vehicle at a rate of speed that was high, excessive, dangerous, and not reasonably safe under the circumstances then and there existing;

(b) Said motorist failed and omitted to exercise the highest degree of care to keep a lookout ahead to discover vehicles, then and there present on the roadway;

(c) Said motorist negligently and carelessly failed to stop, slacken speed, swerve or turn said motor vehicle so as to avoid said impact, although by exercising reasonable care could have done so and thus and thereby have avoided said collision and injury to Plaintiff; and

Electronically Filed - City of St. Louis - July 27, 2021 - 01:19 PM

(d) Said motorist negligently and carelessly maintained adequate braking distance;

(e) Said motorist negligently and carelessly violated a red light;

(f) Said motorist negligently and carelessly caused a side impact collision with a stopped vehicle.

14. As a direct and proximate result of the negligence and carelessness of the uninsured motorist as aforesaid, Plaintiff was caused to sustain the following injuries:

(a) Plaintiff's neck, back and hip as indicated in the medical records, the bones, discs, joints, muscles, tendons, tissues, nerves, membranes, ligaments, vessels and parts thereof, were severely bruised, contused, lacerated, sprained, strained, cracked, wrenched, swollen, weakened, twisted and torn; alternatively;

(b) Plaintiff has incurred medical expenses and has been caused to undergo medical treatment to the approximate costs which are presently undetermined, and will in future be caused to undergo further medical treatment in an amount presently undetermined,

(c) Plaintiff has also suffered lost wages and employability in an amount to be determined and will in the future be caused to suffer lost wages in an amount presently undetermined, all to the Plaintiff's injury and damage,

(d) Plaintiff has sustained pain and suffering and will in the future be caused to suffer, and

(e) Plaintiff suffered property damage, diminution value, loss of use and/or rental expenses, alternatively.

WHEREFORE Plaintiff prays judgment against Defendant in an amount in excess of $25,000.00 that will fairly and reasonably compensate for injuries and damage, for the loss sustained and will be sustain in the future, for the costs of these proceedings and for such other and further relief as the Court deems just and equitable.

Electronically Filed - City of St. Louis - July 27, 2021 - 01:19 PM

## COUNT III - BREACH OF CONTRACT

COMES NOW Plaintiff, and for Count III of this cause of action against Defendant ALLSTATE states to the Court as follows:

15. Plaintiff re-alleges and re-incorporates paragraphs 1-14 as if set out fully herein.

16. By failing and refusing to pay Plaintiff the full amounts due and under the above-mentioned contract of insurance, Defendant has failed to perform its contractual obligations.

17. As a direct and proximate result of Defendant's breach of contract, Plaintiff has been damaged in an amount to be determined plus interest at the legal rate to present.

WHEREFORE Plaintiff prays judgment against Defendant in an amount in excess of $25,000.00 that will fairly and reasonably compensate for injuries and damages, for the loss sustained and will be sustained in the future, for the costs of these proceedings and for such other, for interest at the legal rate, and further relief as the Court deems just and equitable.

## COUNT IV – NEGLIGENCE

COMES NOW Plaintiff, and for Count IV of this cause of action against Defendant HANNING states to the Court as follows:

18. Plaintiff re-alleges and re-incorporates paragraphs 1-17 as if set out fully herein.

WHEREFORE Plaintiff prays judgment against Defendant in an amount in excess of $25,000.00 that will fairly and reasonably compensate for injuries and damages, for the loss sustained and will be sustained in the future, for the costs of these proceedings and for such other, for interest at the legal rate, and further relief as the Court deems just and equitable.

THE HOFFMANN LAW FIRM, L.L.C.

By: /s/ Christopher Hoffmann
Christopher Hoffmann #50198
Attorney for Plaintiff
7751 Carondelet Avenue
Suite 601

Electronically Filed - City of St. Louis - July 27, 2021 - 01:19 PM

Saint Louis, Missouri 63105
(314) 361-4242
(314) 361-4248 – FAX
hoffmannlawfirm@sbcglobal.net