## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ALEXIS MURDICK, | ) |
| Plaintiff, | ) ) ) No. 4:21-CV-985 RLW |
| v. | ) ) ) |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, JOHN DOE INSURER, JAMES L. HANNING, JR., | ) ) ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (ECF No. 10). This matter is fully briefed and ready for disposition. Because there is no diversity of citizenship, Plaintiff's Motion to Remand is granted.

### BACKGROUND

Plaintiff Alexis Murdick was covered under an automobile liability insurance policy from Defendant Allstate Fire and Casualty Insurance Company ("Allstate") during the period including February 13, 2019. (ECF No. 6, ¶3). On February 13, 2019, an uninsured motorist, Defendant James L. Hanning, Jr. ("Hanning"), ran a red light on US and collided with Murdick's vehicle, which was traveling on MO 47. (ECF No. 6, ¶¶ 10, 13).

On or around July 27, 2021, Murdick filed a lawsuit against Allstate, Defendant John Doe Insurer, and Hanning in the Circuit Court of the City of St. Louis. (ECF No. 6). Murdick alleges claims for Vexatious Refusal to Pay against Allstate (Count I), Uninsured Motorist Coverage against Allstate (Count II), and Breach of Contract against Allstate (Count III). (ECF

No. 6, ¶¶ 1-17). In Count IV, Murdick alleged a claim for Negligence against Hanning, realleging and re-incorporating the rest of the Petition as if fully set forth therein. (ECF No. 6, ¶18). On August 6, 2021, Allstate filed a Notice of Removal, asserting this Court has diversity jurisdiction over the lawsuit under 28 U.S.C. §1332. (ECF No. 1).

The citizenship of the parties to this action is not in dispute.[1] Murdick is a citizen of Missouri. (ECF No. 1, ¶6). Allstate is an Illinois corporation with its principal place of business in Illinois. (ECF No. 1, ¶ 7). Hanning, is a citizen of Missouri. (ECF No. 1, ¶9). Hanning was served on August 12, 2021, after removal of this action. (ECF No. 11; ECF No. 1, ¶9). The parties dispute whether the citizenship of Hanning should be considered for purposes of determining diversity jurisdiction. (ECF No. 1, ¶¶ 8-11; ECF No. 10).

## **LEGAL STANDARD**

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). The party seeking removal and opposing remand has the burden of establishing jurisdiction. *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator*, 561 F.3d 904, 912 (8th Cir. 2009); *City of Univ. City, Missouri v. AT & T Wireless Services, Inc.*, 229 F. Supp. 2d 927, 929 (E.D. Mo. 2002).

---

[1] Murdick alleges that Defendant "John Doe Insurer" is a "defendant insurer to be supplemented upon discovery[.]" (ECF No. 6, ¶ 2). Defendant "John Doe Insurer" is "simply a placeholding Defendant," who does not affect diversity at this juncture. ECF No. 1, ¶8).

A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *Manning*, 304 F.Supp.2d at 1148 (citing 28 U.S.C. § 1332(a)(1)).

Where a defendant is joined solely to deprive federal courts of jurisdiction, however, such joinder is fraudulent and will not prevent removal. *Anderson v. Home Ins. Co.,* 724 F.2d 82, 84 (8th Cir. 1983). "The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims." *Murphy v. Aurora Loan Servs., LLC,* 699 F.3d 1027, 1031 (8th Cir. 2012); *Wiles v. Capitol Indem. Corp.,* 280 F.3d 868, 871 (8th Cir. 2002 ("Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants."). In other words, "it is well established that if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Iowa Public Service Co. v. Medicine Bow Coal Co.,* 556 F.2d 400, 406 (8th Cir. 1977); *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003). The removing party alleging fraudulent joinder bears the burden of proving the alleged fraud. *Manning,* 304 F. Supp. 2d at 1148.

"Nominal defendants are 'those against whom no real relief is sought[.]" *Walsh v. Arbuckle*, No. 4:17-CV-00664-NKL, 2017 WL 4512586, at *2 (W.D. Mo. Oct. 10, 2017) (quoting *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002)); *see also*

*Dumas v. Patel*, 317 F.Supp.2d 1111, 1113, n.5 (W.D. Mo. 2004) ("A nominal party has been defined as 'a party who, having some interest in the subject matter of a lawsuit, will not be affected by any judgment but is nonetheless joined in the lawsuit to avoid procedural defects.'") (quoting *Black's Law Dictionary* 1145 (7th ed. 1999)). "[M]ost lower federal courts have limited the 'exception' for formal or nominal party defendants to situations in which it is clear that the defendant is not a necessary or an indispensable party as a matter of law, the party has nothing at stake in the litigation, and no real, present claim for relief is being sought against the party." *Balling v. Bendickson*, No. 4:12-CV-860 CAS, 2012 WL 3715810, at *2 (E.D. Mo. Aug. 27, 2012).

## DISCUSSION

The forum defendant rule, 28 U.S.C. § 1441(b)(2), allows a defendant to remove a civil action from state court to federal court based on diversity jurisdiction if none of the properly joined defendants are citizens of the state in which the original action was filed. "A defendant may not remove to federal court on the basis of diversity if any of the defendants is a citizen of the state where the action was filed." *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992); 28 U.S.C. § 1441(b)(2).

Allstate argues that Hanning's citizenship can be ignored because he is a nominal party against whom Murdick has not alleged a cause of action or sought relief. (ECF No. 12 at 2 (citing *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1161 (8th Cir. 1981)). Allstate contends that Murdick "has made no allegation that Defendant Hanning owed any duty or responsibility to" her. (ECF No. 12 at 3). Further, Allstate argues Murdick "fails to allege any facts that constitute a real cause of action against Defendant Hanning." (*Id.*)  Thus, Allstate contends

- 4 -

Hanning "is nothing more than a nominal party," "Hanning's citizenship should be ignored[,] and this case is proper for removal." (*Id.*)

The Court grants the Motion to Remand because there is no diversity of citizenship between the parties. As stated, the parties do not dispute that Murdick and Hanning are both citizens of Missouri. The only issue before the Court is whether Hanning is a nominal party, who should be disregarded for purposes of determining if diversity jurisdiction exists. Hanning is the uninsured motorist tortfeasor against whom Murdick alleges a cause of action for negligence in Count IV. (ECF No. 6; ECF No. 13 at 2). In Count IV, Murdick "re-alleges and reincorporates paragraphs 1-17 as if set out fully herein." (ECF No. 6, ¶ 18). Among the other allegations in the Petition, Murdick alleges:

> 13. Said collision occurred as a direct and proximate result of the negligence and carelessness of the operator of the uninsured motor vehicle, as more fully herein set out, to wit:
>     (a) Said motorist negligently and carelessly drove and operated said motor vehicle at a rate of speed that was high, excessive, dangerous, and not reasonably safe under the circumstances then and there existing;
>     (b) Said motorist failed and omitted to exercise the highest degree of care to keep lookout ahead to discover vehicles, and then and here present on the roadway;
>     (c) Said motorist negligently and carelessly failed to stop, slacken speed, swerve or turn said motor vehicle so as to avoid said impact, although by exercising reasonable care could have done so and thus and thereby have avoided said collision and injury to Plaintiff; and
>     (d) Said motorist negligently and carelessly maintained adequate braking distance;
>     (e) Said motorist negligently and carelessly violated a right light;
>     (f) Said motorist negligently and carelessly caused a side impact collision with a stopped vehicle.
> 14. As a direct and proximate result of the negligence and carelessness of the uninsured motorist as aforesaid, Plaintiff [was injured.]

(ECF No. 6, ¶¶ 13, 14). Although Allstate claims that Murdick does not allege a cause of action for negligence against Hanning, the Court holds that the Petition includes all of the elements for a negligence claim. *See Thompson v. Nationwide Affinity Ins. Co. of Am.*, No. 18-3143-CV-S-

SRB, 2018 WL 9945329, at *3 (W.D. Mo. Dec. 12, 2018) (citing *McComb v. Norfus*, 541 S.W.3d 550, 554 (Mo. banc 2018) ("To establish a negligence claim, a plaintiff must show that: '(1) the defendant had a duty to the plaintiff; (2) the defendant failed to perform that duty; and (3) the defendant's breach was the proximate cause of the plaintiff's injury.'").  Further, the Court holds Hanning, the uninsured motorists, is a proper party and has a stake in this litigation because a real claim for negligence is being sought against him.  *See Balling v*, 2012 WL 3715810, at *2.  Thus, the Court holds that Hanning is a proper—not nominal—party to this action and no diversity of citizenship exists.  The Court remands this action because it lacks subject matter jurisdiction.[2]

For the foregoing reasons, the Court concludes that the citizenship of, and Plaintiff's Motion to Remand is granted.

---

[2] In the Notice of Removal, Allstate asserted "[w]here diversity of citizenship exists between the Plaintiff and the Defendants, the forum defendant rule does not bar removal of the action, where the forum defendant has not yet been served. (ECF No. 1, ¶ 10 (citing *Tillman v. BNSF Ry. Co.*, No. 1:20 CV 00178 SNLJ, 2021 WL 842600, at *2 (E.D. Mo. Mar. 5, 2021) (citing *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152-54 (3d Cir. 2018)).  This type of removal before all of the defendants are served is commonly called "snap removal."  Although referred to in its Notice of Removal, Allstate does not argue snap removal in its Suggestions in Opposition to Plaintiff's Motion to Remand (ECF No. 12), and thus the Court does not address this argument fully in its Memorandum and Order.  In the event that the snap removal argument were properly raised, the Court nevertheless would remand this action. *See, e.g., Bailey v. Monsanto Co.*, 176 F. Supp. 3d 853, 866 (E.D. Mo. 2016); *but see Tillman v. BNSF Ry. Co.*, No. 1:20 CV 00178 SNLJ, 2021 WL 842600, at *2 (E.D. Mo. Mar. 5, 2021) (noting that "[t]he Eighth Circuit has not addressed the propriety of 'snap removal[,]'" but concluding section 1441(b)(2)'s plain language allows for removal until a forum defendant has been served).

Case: 4:21-cv-00985-RLW Doc. #: 14 Filed: 10/06/21 Page: 7 of 7 PageID #: 72

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 10) is **GRANTED**. This matter shall be remanded to the Twenty-Second Circuit of Missouri in City of St. Louis, Missouri for further proceedings. An order of remand accompanies this Order.

An appropriate Order of Remand is filed herewith.

Dated this 6th day of October, 2021.

*Ronnie L. White*

---

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**